IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Allen Blackthorne, a/k/a Allan Blackthorne, | ) | C/A No.: 1:10-3086-JMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| John R. Owen, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Allen Blackthorne Petitioner,[1] a pro se federal prisoner, filed a "motion

for relief from illegal sentence pursuant to 28 U.S.C. § 2241 and the extraordinary

circumstances clause of 28 U.S.C. § 1651(a)". Petition at 1 [Entry #1]. Pursuant to the

provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), the undersigned is

authorized to review such petitions and submit findings and recommendations to the

district court. For the reasons that follow, the undersigned recommends the district judge

dismiss the petition in this case without prejudice and without issuance and service of

process.

I.    Standard of Review

Under established local procedure in this judicial district, a careful review has been

made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings

for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act

---

[1] Petitioner uses the name Allen Blackthorne in the caption of the petition, but
signs his Memorandum in Support of the habeas petition as Allan Blackthorne.

of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

II.     Discussion

Petitioner, an inmate at FCI Williamsburg, files the instant petition seeking relief from two concurrent life sentences imposed by United States District Court for the Western District of Texas on November 2, 2000, for the offenses of conspiring to commit interstate murder for hire and for causing another to commit interstate domestic violence. *See U.S. v. Blackthorne*, Criminal Action No. 5:00-00003-FB-1 (W.D.Tex. 2000).

Plaintiff's direct appeal was denied by the Fifth Circuit Court of Appeals on May 3, 2002. *See U.S. v. Blackthorne*, No. 00-51256, 2002 WL 971621 (5th Cir. May 3, 2002). A petition for a writ of certiorari filed by Petitioner was denied by the Supreme Court on January 13, 2003. *See Blackthorne v. U.S.*, 537 U.S. 1104 (2003). Petitioner then filed a motion to vacate his sentence under § 2255 on January 12, 2004. The sentencing court denied relief on June 27, 2006. *See Blackstone v. U.S.*, Civil Action No. 5:04-00033-FB (W.D.Tex. 2004). In the instant action, Petitioner alleges actual innocence and seeks relief from his federal conviction.

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate the relief available to him under § 2255 is inadequate or

3

ineffective.  Petitioner has failed to make such a showing.  The fact that Petitioner did not prevail in his prior § 2255 actions does not mean that the potential relief of § 2255 was inadequate or ineffective; it simply means he was not entitled to it.

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d 328  (4th Cir. 2000).  In *Jones*, the court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333–34.

In the instant § 2241 action, Petitioner raises issues associated with his conviction. Specifically, Petitioner's lengthy memorandum in support of his habeas petition maintains that his incarceration is the result of "perjured testimony and backdoor dealing." Petition at 7 [Entry #1].  However, Petitioner provides no factual information to demonstrate that the conduct for which he was convicted has been deemed non-criminal by any substantive law change since his direct appeal or first § 2255 motion. As Petitioner's claim is insufficient to invoke the savings clause embodied in § 2255,  he is barred from proceeding with this habeas corpus action under § 2241.

4

Petitioner also alleges he is entitled to relief under 28 U.S.C. § 1651(a), the All Writs Act.  Courts have power under the All Writs Act to issue a writ of error coram nobis. *See United States v. Morgan*, 346 U.S. 502, 510 (1954); *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988). The writ of coram nobis has been abolished in federal civil practice pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, but remains viable in the context of criminal cases where it enables a trial court to correct one of its judgments.   Such relief can only be granted by the court that imposed the judgement, *Thomas v. Cunningham*, 335 F.2d 67 (4th Cir. 1964), and may only be issued where an error of the most fundamental character compels such action to achieve justice after the sentence has been served and where no alternative remedy is available. *Mandel*, 862 F.2d at 1075.  In the instant action, coram nobis relief is not available to Petitioner because he: (1) was not sentenced by this court; (2) remains incarcerated on the challenged sentence; and (3) has failed to establish that § 2255 is ineffective and inadequate to test the legality of his detention.  The mere fact that Petitioner is foreclosed from seeking further relief under § 2255 "does not create a remedy for him under the All Writs Act." *Clintron v. U.S.,* C/A No. 5:09cv103, 2009 WL 6613207 at *1 (N.D.W.Va. Oct. 2, 2009) (citation omitted).   *See also Antley v. U.S.*, C/A No. 3:08-533-DCN, 2009 WL 2707426 at * 4 (D.S.C. June 11, 2009) (citing *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998) ("[I]f Congress has forbidden federal prisoners to proceed under 2241 even when 2255 is closed to them - then it would be senseless to suppose that Congress permitted them to pass through the closed door simply by changing the number 2241 to

1651 on their motions.")).   Therefore, to the extent this action is construed as a petition

seeking relief pursuant to § 1651, the petition is subject to summary dismissal.

 III.    Conclusion

Accordingly, it is recommended that the petition in the above-captioned case be

dismissed without prejudice and without issuance and service of process upon the

Respondent.  *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts

have duty to screen habeas corpus petitions and eliminate burden placed on respondents

caused by ordering an unnecessary answer or return).

        IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 7, 2011                                          Shiva V. Hodges
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**